## WARREN G. MYERS v. W. R. FOREMAN.

(Filed 17 February, 1932.)

1. **Appeal and Error H b—Upon death of appellant after docketing of appeal his executor is allowed to be made a party under Rule 37.**

   In this case the appellant died after the case was docketed and the motion of his executor that it be made a party was allowed under Rules of Practice in the Supreme Court, No. 37, the motion being made before the case was called for hearing in its regular order.

2. **Trial E c—In this case a new trial is awarded for the failure of the instructions to state material evidence in the case.**

   Where the charge of the trial court fails to state the evidence of a party relative to a material point and which directly bears on the amount recoverable, a new trial will be awarded when prejudice is shown for the failure of the charge to comply with the provisions of C. S., 564, requiring that the trial court shall state in a plain and correct manner the evidence given in the case.

APPEAL by defendant from *Oglesby, J.,* at June Special Term, 1931, of MECKLENBURG.  New trial

Plaintiff and defendant were engaged as partners, under the firm name of Warren G. Myers and Company, at Charlotte, N. C., in the business of selling machinery, supplies and equipment, from about 1 September,

1923, to 1 January, 1930. The partnership was dissolved on 1 January, 1930. This action was begun on 3 March, 1930. Both plaintiff and defendant upon the facts alleged in their pleadings pray for an accounting between them as partners, each contending that upon a proper accounting in accordance with the terms of their partnership agreement, the other is indebted to him.

The action was first tried by a referee under an order made upon the motion of the defendant. The plaintiff excepted to this order, and thereby reserved his constitutional right to a trial by jury of the issues of fact arising upon the pleadings. C. S., 573. The referee heard the evidence offered at the trial before him by both the plaintiff and the defendant, and thereafter duly filed his report, setting out therein both his findings of fact and his conclusions of law, as required by statute, C. S., 579.

The referee found that the net profits of the partnership entered into by plaintiff and defendant in August, 1923, and dissolved on 1 January, 1930, amounted to the sum of $8,903.60, and that in accordance with the terms of the partnership agreement, the account of each partner should be credited with one-half of this sum, to wit: $4,451.80. He also found that the plaintiff had received from the partnership the sum of $10,152, in money and merchandise, and was therefore indebted to the partnership in the sum of $5,700.20. He further found that the defendant from time to time during the existence of the partnership had loaned to it the sum of $9,360.19, in money, and that since its dissolution on 1 January, 1930, the defendant had paid a note for $1,500, which had been executed by the partnership. The aggregate of these sums is $10,860.19. The referee found that the defendant had received from the partnership during its existence the sum of $9,411.49, and that therefore the partnership is indebted to the defendant in the sum of $1,448.70.

Upon these findings of fact, the referee concluded that plaintiff is indebted to defendant in the sum of $3,574.45, with interest. On the report of the referee, the defendant is entitled to judgment that he recover of the plaintiff the sum of $3,574.45, with interest and costs.

Plaintiff duly excepted to the findings of fact and conclusions of law made by the referee and set out in his report. With his exceptions to the findings of fact made by the referee, plaintiff tendered issues upon which he demanded a trial by jury. The action was thereupon tried by a jury.

The issues submitted to the jury were answered as follows:

"1. Did the plaintiff and the defendant enter into a partnership agreement as alleged in the complaint? Answer: Yes.

2. What was the amount of the net profits from the business of said partnership? Answer: $17,000.70.

3. In what amount, if any, is defendant indebted to plaintiff as alleged in the complaint? Answer: $8,500.35.

4. In what amount, if any, is plaintiff indebted to defendant as alleged in the answer and cross-complaint? Answer: $2,618."

From judgment on the verdict of the jury that plaintiff recover of the defendant the sum of $5,882.35, with interest and costs, the defendant appealed to the Supreme Court.

*H. L. Taylor and T. L. Kirkpatrick for plaintiff.*
*Shore & Townsend for defendant.*

CONNOR, J. After this appeal was docketed in this Court, and before it was called for hearing in its regular order, the defendant, W. R. Foreman, died. His executor, American Trust Company, voluntarily appeared in this Court by its counsel and moved that it be made a party defendant in the action, in its representative capacity. The motion was allowed in accordance with the Rules of Practice in this Court. Rule 37.

The testimony of the witnesses who testified at the trial before the referee was reduced to writing and filed in the record, as required by statute. C. S., 577. This testimony, together with the exhibits offered by both the plaintiff and the defendant at the trial before the referee, was the only evidence submitted to the jury, in accordance with the provisions of the statute. C. S., 573. The issues appearing in the record were answered by the jury from this evidence, under the charge of the court. The referee found that the net profits of the partnership, from its commencement in August, 1923, to its dissolution on 1 January, 1930, were $8,903.60, while the jury found from the same evidence that the net profits of the partnership during its existence were $17,000.70. On an accounting upon the findings by the referee the plaintiff is indebted to the defendant in the sum of $3,574.45, while on an accounting upon the verdict of the jury the defendant is indebted to the plaintiff in the sum of $5,882.35. This wide discrepancy is due in part, we think, to the failure of the judge in his charge to the jury to comply with the provisions of C. S., 564. An examination of the charge set out in the transcript filed in this Court shows that it was not in compliance with the provisions of the statute, in that the judge failed to state in a plain and correct manner the evidence given in the case, and failed to declare and explain the law arising on the evidence. No reference is made in the charge to the testimony of the plaintiff that he had received from the partnership the sum of $4,400, for his personal expenses and not for expenses incurred by him in prosecuting the business of the partnership. Conceding that the terms of the partnership agreement were as contended

by the plaintiff and as found by the jury, this sum at least should have been deducted from plaintiff's share of the net profits. The defendant is entitled to a new trial for the error of the court in failing to comply in its charge to the jury with the provisions of C. S., 564. It is so ordered.

New trial.